```
            UNITED STATES BANKRUPTCY COURT
           MIDDLE DISTRICT OF NORTH CAROLINA
                   GREENSBORO DIVISION

IN RE:                          )
                                )
Grady Matthew Brown and         )   Case No. 05-10784-7G
Sherry Lynn Brown,              )
                                )
     Debtors.                   )
```

                    MEMORANDUM OPINION

Grady Matthew Brown and Sherry Lynn Brown ("Debtors") have filed a motion to redeem a 2002 Cadillac, subject to a lien in the amount of $34,000.00 held by State Farm Bank, for its redemption value of $15,090.00.  The redemption motion is unopposed, and the Debtors have submitted a proposed order.  The motion and proposed order submitted by the Debtors would have this court give its approval to their post-petition financing agreement with U.S. Bank NA and the post-petition payment of $400.00 in attorney's fees, which are to be paid to their attorney from the Debtors' loan proceeds.  For the reasons stated herein, the court will enter an order approving the Debtors' unopposed motion to redeem the 2002 Cadillac and setting a hearing on the amount of attorney's fees to be paid by the Debtors.  The court will not include any decree in that order, however, approving the Debtors' post-petition financing since such post-petition financing is not a matter for consideration by this court.

   A.   Redemption Procedures.

   Section 521(2)(A) of the Bankruptcy Code requires a consumer debtor to file a statement of intention specifying whether the

debtor intends to retain or surrender property, and if applicable, specifying that such property is either exempt, that the debtor intends to redeem it, or that the debtor intends to reaffirm debts secured by it.  11 U.S.C. § 521(2)(A).  Section 722 of the Bankruptcy Code provides a debtor with the specific statutory right of redemption, limiting that right to the redemption of tangible personal property that is intended primarily for personal, family, or household use and that is either exempted by a debtor or abandoned by a trustee.  11 U.S.C. § 722.  In most cases, a debtor is required to carry out his or her stated intent within forty-five days of the filing of the statement of intention.  11 U.S.C. § 521(2)(B).  The process of redeeming tangible personal property may take place without any intervention or approval by the bankruptcy court.  See 11 U.S.C. § 722 (stating that an individual debtor "may redeem" tangible personal property and not requiring either a notice or a hearing); Fed. R. Bankr. P. 6008 (stating that the court, on motion, "may authorize the redemption . . . ."); Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 20 (1st Cir. 2002) (holding that court approval of redemption agreements is not required; the language of the Code and Rules regarding court hearings is precatory and "[t]here is no imperative requiring judicial approval in every instance . . . ."); Sears, Roebuck & Co. v. Spivey, 265 B.R. 357, 365 (E.D.N.Y. 2001) (holding that neither the Code nor the Rules require court approval of redemption

agreements); 6 COLLIER ON BANKRUPTCY, ¶ 722.05[2] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2005) ("When the debtor and the secured creditor agree on the amount of the allowed secured claim, redemption may be accomplished by the debtor simply paying the amount to the creditor in exchange for release or satisfaction of the lien."). It is only when a dispute arises, such as to valuation of the personal property and the allowed secured amount of the creditor's claim, that court intervention is required rather than being discretionary. Arruda, 310 F.3d at 20. Accordingly, in unopposed motions to redeem—as is the case here—intervention by this court is not required and the parties may execute their consensual agreement absent court authorization.

    B.   Attorney's Fees for Redemption Services

The motion seeks court approval for $400.00 in attorney's fees for services rendered to the Debtors for bringing the redemption motion. According to the motion, the attorney's fees are to be paid from the Debtors' loan proceeds.

Section 329 of the Bankruptcy Code governs a debtor's transactions with attorneys. 11 U.S.C. § 329(a). The statute requires "any attorney representing a debtor . . . [to] file with the court a statement of compensation paid or agreed to be paid, if such . . . agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case . . . ." 11 U.S.C.

§ 329(a). Bankruptcy Rules 2016 and 2017 implement Section 329. Rule 2016(b) requires a debtor's counsel to file a disclosure statement identifying the fee agreements and the amount of compensation paid or agreed to be paid by the debtor. Rule 2017 allows the court to determine if a post-petition payment of attorney's fees under the Bankruptcy Code is excessive when that payment is for services related to the bankruptcy case.

As required, the Debtors' attorney in this case filed a "Disclosure of Compensation of Attorney for Debtor," whereby Debtors' counsel represented that he had received $850.00 for legal services, which were to include "legal services for all aspects of the bankruptcy case . . . ." The form use by Debtors' counsel also has a provision where counsel may exclude certain services not covered by the agreed fee. While this is the place to specify services such as contested matters that are not covered by the fee received by the attorney, the Debtors' counsel did not list any services not covered by the initial $850.00 payment. See In re Miller, 312 B.R. 626, 629 (Bankr. S.D. Ohio 2004) (denying fees associated with a motion to redeem, in part, because the Disclosure of Compensation was silent as to whether the general fee of $750.00 included redemption work); 9 COLLIER ON BANKRUPTCY, ¶ 2016.18 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2005) ("[I]t is often advisable for a consumer debtor's attorney to spell out in the disclosure exactly which services are covered by the basic

fee . . . [and] which services are not covered and an hourly rate for the latter category of services . . . . The disclosure under Rule 2016(b), as well as the attorney's retainer agreement should make [excepted services] clear so there is no dispute about fees later in the case."). Cf. In re Griffin, 313 B.R. 757, 760 (Bankr. N.D. Ill. 2004) (reciting that the attorney's pre-petition retention agreement stated that the debtor would be charged additional fees for certain post-petition work, including a $600.00 fee to redeem a vehicle); In re Ray, 314 B.R. 643, 647 (Bankr. M.D. Tenn. 2004) (reciting that the attorney's basic filing fee of $600.00 included all routine, uncontested matters but did not include adversaries, contested matters, or redemptions).  Thus, an issue exists in this case as to whether the Debtors' counsel agreed to render redemption services as part of the Debtors' basic fee.

Moreover, Fed. R. Bankr. P. 2017(b) grants this court the authority to review any post-petition attorney's fee charged to a debtor for services related to the case to determine if the fee is excessive.  While a $400.00 attorney's fee is not per se excessive, services rendered in furtherance of a redemption motion can vary substantially.  See, e.g., Ray, 314 B.R. at 656-662 (considering attorney testimony on the issue of what is a reasonable fee for effectuating an uncontested redemption and reciting that fees charged ranged from $95.00 to $400.00 when they were not included in the attorney's package for basic services).

Accordingly, the court will hold a hearing pursuant to Fed. R. Bankr. P. 2017(b) to determine if the Debtors' counsel is entitled to any fee based on the attorney's Disclosure of Compensation filed in this case, and if so, then the court will determine whether the $400.00 sought by the Debtors' attorney is excessive.

    C.    Jurisdiction to Approve Post-Petition Financing by Chapter 7 Debtors

In addition to seeking approval of attorney's fees, the Debtors also seek to have this court approve the terms of the Debtors' redemption financing. Unlike the post-petition payment of attorney's fees, which may be reviewed by the court pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, a bankruptcy court does not ordinarily have jurisdiction over a Chapter 7 debtor's post-petition purchases and any financing related to such purchases. Such is the case with the Debtors' post-petition financing agreement.

The post-petition financing agreement in this case is merely the means by which the Debtors propose to make the lump sum redemption payment to the secured creditor. The agreement provides for a loan that is being extended post-petition by a new lender who is not a pre-petition lien holder or creditor of the Debtors and who is advancing new money to the Debtors. Neither Section 722 nor any other provision of the Bankruptcy Code or Rules makes such a transaction subject to scrutiny by the bankruptcy court in a Chapter 7 case. Such an agreement does not have an effect on the

administration of a bankruptcy estate since it is not payable from the estate, does not create an obligation of the estate, will not result in the estate receiving funds, and does not give rise to an indebtedness that is dischargeable in the current case.[1]  See generally, Community Bank of Homestead v. Boone (In re Boone), 52 F.3d 958, 960 (11th Cir. 1995) (holding that post-petition conduct of a Chapter 7 debtor did not fall within the broad jurisdictional sweep of 28 U.S.C. § 1334 because the conduct giving rise to the claim occurred post-petition, the cause of action was not property of the estate, and any damage award would belong solely to the debtors); Ellenberg v. R.J. Griffin & Co. (In re Midland Mech. Contrs.), 196 B.R. 653, 657 (Bankr. N.D. Ga. 1996) ("[I]n the hands of a Chapter 7 debtor, a post-petition contract or receivable simply will not provide the jurisdictional foundation that it might generate in the course of a reorganization case.").

The connection between the Debtors' post-petition financing agreement with US Bank NA and the bankruptcy filing is simply too tenuous to invoke the jurisdiction of this court. Pursuant to 28

---

[1] In a Chapter 7 case, a discharge of debts may only be obtained for obligations that arose before the time of filing and for those claims allowed under Section 502 of the Bankruptcy Code. 11 U.S.C. § 727(b).  Debts or obligations incurred by a Chapter 7 debtor after the date of filing are not subject to discharge. Weiner v. Clement (In re Clement), 136 B.R. 557, 562 (C.D. Cal. 1992) ("The claim of Always Financial is not subject to discharge in the Clement bankruptcy as it arose post-petition. The right, if any, of Always Financial as well as the defenses, if any, of Clement must be resolved in state court.").

U.S.C. § 1334 and the referral from the district court pursuant to 28 U.S.C. § 157, this court has original and exclusive jurisdiction of cases under title 11 and original, but not exclusive jurisdiction of civil proceedings arising under title 11, or arising in or related to a case under title 11.  A  controversy arises <u>in</u> Title 11 when "it would have no practical existence but for the bankruptcy," <u>Grausz v. Englander</u>, 321 F.3d 467, 471 (4th Cir. 2003); claims arise <u>under</u> Title 11 if the claims "clearly invoke substantive rights created by bankruptcy law," <u>Glinka v. Federal Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.)</u>, 310 F.3d 64, 70 (2nd Cir. 2002); and claims are <u>related</u> <u>to</u> a bankruptcy case if the resolution of the dispute affects the administration of the bankruptcy estate. <u>Belcufine v. Aloe</u>, 112 F.3d 633, 636 (3rd Cir. 1997).  The post-petition in this case does not "arise in" Title 11 because it is not an event that would have no practical existence but for the bankruptcy.  The post-petition financing does not "arise under" Title 11 because it does not invoke substantive rights created by bankruptcy law.  Nor does the post-petition financing fall within the "related to" jurisdiction of the court.  Related to jurisdiction does not arise "where the action 'may have only speculative, indirect or incidental effect on the estate.'"  <u>DVI Financial Services, Inc. v. National Medical Imaging, LLC (In re DVI, Inc.)</u>, 305 B.R. 414, 418 (Bankr. D. Del. 2004) (citation omitted).  <u>See also</u>, <u>New Horizon of N.Y. LLC v.</u>

Jacobs, 231 F.3d 143, 151 (4th Cir. 2000) (stating that the relevant inquiry in determining the existence of "related to" jurisdiction is whether the proceeding "could conceivably have any effect on the estate being administered in bankruptcy . . . .") (citation omitted), cert. denied, 532 U.S. 1052 (2001).  The fact that the Debtors have chosen to obtain financing from U.S. Bank NA to accomplish the redemption of their Cadillac at most is only indirectly and incidentally related to their bankruptcy case and does not raise an issue that could conceivably have any effect on its administration.  Accordingly, the post-petition financing agreed to by the Debtors is not a matter that the Debtors have shown to be within this court's jurisdiction; therefore, the court will not address it.

In summary, the court will approve the Debtors' unopposed motion to redeem their 2002 Cadillac but will not approve or disapprove the terms of the Debtors' post-petition financing as such financing involves a post-petition agreement that has not been shown to be within this court's jurisdiction.  The court will hold a hearing on whether the Debtors' counsel may charge a fee for services related to the redemption, and if so, whether the requested fee is excessive based on the facts of this case.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

A copy of the foregoing was served
electronically or conventionally to:

Michael D. West

John A. Meadows
2596-C Reynolda Rd
Winston-Salem, NC 27106

Gerald S. Schafer
220 Commerce Place
Greensboro, NC 27401

State Farm Bank
P.O. Bos 3299
Milwaukee, WI 53201-3299